IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JASON TRICARICO,** | : | |
| | : | |
| Petitioner | : | **CIVIL NO. 1:CV-04-2723** |
| | : | |
| v. | : | **(Judge Rambo)** |
| | : | |
| **JEFFREY BEARD,** *et al.,* | : | |
| | : | |
| Respondents | : | |

## <u>M E M O R A N D U M</u>

**I.       <u>Background</u>**

     Jason Tricarico ("Petitioner"), an inmate presently confined at the State Correctional Institution, Greensburg, Pennsylvania ("SCI-Greensburg"), initiated this habeas corpus petition pursuant to 28 U.S.C. § 2254.  Petitioner is represented by counsel.  Named as Respondents are Secretary Jeffrey Beard of the Pennsylvania Department of Corrections, SCI-Greensburg Superintendent David Wakefield and the Attorney General for the Commonwealth of Pennsylvania.  Service of the Petition was previously ordered.

     On October 4, 1999,  Tricarico entered a guilty plea in the Lackawanna County Court of Common Pleas to:  one count of corrupt organizations (Count 1); one count of conspiracy to deliver cocaine (Count 3); three counts of delivery of cocaine (Counts 4, 5, & 6); one count of possession with intent to deliver cocaine (Count 7);

and criminal attempt to possess with intent to deliver cocaine (Count 10). The plea was the result of a negotiated written plea agreement between the Commonwealth and Petitioner's counsel.[1]

Tricarico was sentenced on March 31, 2000 to an aggregate fourteen to twenty-eight year term of incarceration. Specifically, he was sentenced as follows: Count 1 - one and one half to three years; Count 3 - five to ten years; Counts 4, 5, & 6 - three to six years on each count; Count 7 - four to eight years; and Count 10 - five to ten years. Counts 1, 3, 4, 5, & 6 were ordered to run concurrently. Counts 7 and 10 were ordered to run consecutively.

Following the imposition of sentence, Petitioner made a verbal request to withdraw his guilty plea. On April 26, 2000, Tricarico's counsel filed a written motion to withdraw the guilty plea *nunc pro tunc*. The motion to withdraw was denied by the Court of Common Pleas on May 12, 2000.

Petitioner next initiated a direct appeal which argued that the trial court abused its discretion in sentencing Tricarico. Pennsylvania's Superior Court affirmed Tricarico's conviction and sentence. *See Commonwealth v. Tricarico*, 776 A.2d 296 (Pa. Super. 2001) (Table). A petition for allowance of appeal was thereafter denied

---

[1] Pursuant to the plea agreement, Counts 2, 8, 9, and 11 were withdrawn by the Commonwealth.

by the Pennsylvania Supreme Court. *See Commonwealth v. Tricarico*, 782 A.2d 545 (Pa. 2001) (Table). A petition for writ of certiorari was denied by the United States Supreme Court on October 9, 2001. *See Commonwealth v. Tricarico*, 534 U.S. 962 (2001).

Tricarico next sought collateral relief via a petition filed pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"). His PCRA petition argued that prior counsel had provided ineffective assistance. Specifically, it was asserted that trial counsel was deficient for: guaranteeing Tricarico that a four to eight year sentence would be imposed; improperly basing an estimate on the length of Petitioner's sentence on outdated state law; neglecting to undertake an independent investigation; failing to file pre-trial motions; and not adequately informing Petitioner as to his right to withdraw his plea. An evidentiary hearing was conducted by the trial court on June 28, 2002. By opinion dated December 23, 2002, the trial court denied the PCRA petition.[2] The Pennsylvania Superior Court affirmed the trial court's decision on September 9, 2003. *See Commonwealth v. Tricarico*, 835 A.2d 838 (Pa. Super. 2003) (Table).[3] A petition for allowance of appeal was subsequently denied. *See Commonwealth v. Tricarico*, 847 A.2d 1284 (Pa. 2004) (Table).

---

[2] A copy of the decision is attached to the petition. (*See* Doc. 1, Ex. B.)

[3] A copy of the decision is attached to the Petition. (*See* Doc. 1 App. A.)

In his present action, Tricarico initially claims that trial counsel provided ineffective assistance when he "materially misapprehended the Pennsylvania law regarding sentencing of multiple inchoate offenses, and based upon the misapprehension, guaranteed Petitioner a sentence of 4 to 8 years, upon which Petitioner relied in entering a guilty plea." (Doc. 1 at 10 (emphasis omitted).)  His second claim contends that trial counsel was deficient for "advising defendant to plead guilty without adequately and independently investigating the defense of entrapment."  (*Id*. at 22 (emphasis omitted).)

Respondents acknowledge that Petitioner's action is timely filed and that he has fully exhausted his claims in state court.  However, they contend that his arguments for relief are meritless.

## II.     Legal Standard for Review of State Court Decision under § 2254(d)

"The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law."  *Bell v. Cone*, 535 U.S. 685, 693 (2002).  Specifically, when a federal-law issue has been adjudicated on the merits by a state court, the federal court reverses only when the decision was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court. 28 U.S.C. § 2254(d)(1).[4] *See generally Gattis v. Snyder*, 278 F.3d 222, 234 (3d Cir. 2002); *Moore v. Morton*, 255 F.3d 95, 104-05 (3d Cir. 2001). The Supreme Court has held that the "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meaning. *Williams v. Taylor*, 529 U.S. 362, 404-405 (2000). As the Supreme Court explained in *Bell*:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable , and . . . . an unreasonable application is different from an incorrect one.

---

[4] Specifically, 28 U.S.C. § 2254(d)(1) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; . . . .

5

*Bell*, 535 U.S. at 694 (citations omitted); *accord Keller*, 251 F.3d at 417-18 (holding that a district court entertaining a § 2254 action must first address whether the state court decision was contrary to Supreme Court precedent); *Martini v. Hendricks*, 188 F. Supp. 2d 505, 5120 (D.N.J. 2002) (court must evaluate reasonableness of factual findings in light of evidence presented in the state court proceeding). Findings of fact by the state courts are presumed to be correct unless the petitioner shows by clear and convincing evidence that they are not. 28 U.S.C. § 2254(e)(1).

### III.   Discussion

In *Strickland v. Washington*, 466 U.S. 668, 688 (1984), the United States Supreme Court held that to prove a constitutional violation for ineffective assistance of counsel, a habeas petitioner must meet a two-pronged test. The petitioner must show "that counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Id*. at 687; *accord Deputy v. Taylor*, 19 F.3d 1485, 1493 (3d Cir. 1994).

To demonstrate deficient performance, a petitioner must show that "counsel's performance fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688; *accord Jermyn v. Horn,* 266 F.3d 257, 282 (3d Cir. 2001). A reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide

6

range of reasonable professional assistance." *Strickland*, 466 U.S. at 689; *accord Jermyn*, 266 F.3d at 282; *Berryman v. Morton*, 100 F.3d 1089, 1094 (3d Cir. 1996). If, under the circumstances, counsel's actions might be considered sound trial strategy, the presumption is not rebutted, *Strickland*, 466 U.S. at 689, because "substantial deference is to be accorded counsel's tactical decisions." *United States v. Wiener*, 127 F. Supp. 2d 645, 648 (M.D. Pa. 2001). A decision supported by "reasonable professional judgment does not constitute ineffective assistance of counsel. *See Burger v. Kemp*, 483 U.S. 776, 794 (1987). It follows that counsel cannot be deemed ineffective for pursuing a meritless claim. *Hartey v. Vaughn*, 186 F.3d 367, 372 (3d Cir. 1999).

A petitioner satisfies the second prong and shows prejudice when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *accord Frey v. Fulcomer*, 974 F.2d 348, 358 (3d Cir. 1992) "Without proof of both deficient performance and prejudice to the defense . . . it could not be said that the sentence or conviction resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable, and the sentence or conviction should stand." *Bell*, 535 U.S. at 695 (internal quotations and citation omitted). In

assessing whether the result of the proceeding might have been different, a reviewing court must consider the "totality of the evidence before the judge or jury." *Strickland*, 466 U.S. at 695; *Jermyn*, 266 F.3d at 283.

At the time the state court reviewed the claims raised by Tricarico, *Strickland's* familiar two-pronged test was the "clearly established federal law" applicable to ineffective assistance of counsel claims. Under Pennsylvania state jurisprudence, a three-prong test is applied to ineffective assistance of counsel claims, but is, in substance, identical to the *Strickland* test. *See, e.g., Commonwealth v. Pierce*, 527 A.2d 973, 975-77 (Pa. 1987). The Third Circuit Court of Appeals has held that Pennsylvania's test for assessing ineffective assistance of counsel claims is not contrary to *Strickland*. *Jacobs v. Horn*, 395 F.3d 92, 107 n.9 (3d Cir. 2005); *Werts v. Vaughn*, 228 F.3d 178, 204 (3d Cir. 2000). Thus, under § 2254(d)(1), the relevant inquiry in addressing an ineffectiveness claims that has been adjudicated on the merits is whether the Pennsylvania's Supreme Court's decision involved an unreasonable application of *Strickland*. *Jacobs*, 395 F.3d at 107 n.9; *Werts*, 228 F.3d at 204.

**A.    Guilty Plea**

Tricarico's initial claim maintains that trial counsel guaranteed him that he would only be sentenced to a four to eight year term of imprisonment. Trial counsel's

guarantee was purportedly based upon an erroneous interpretation of Pennsylvania state law.[5]  As a result, Petitioner contends his guilty plea was not knowingly entered since it was based upon an erroneous belief that a lesser sentence would be imposed.

Respondents counter that "there is no nexus between counsel's misperception of the law and Tricarico's entry of a guilty plea." (Doc. 9 at 6.)  Furthermore, the totality of the circumstances show that Petitioner understood that his entry of a guilty plea would expose him to a potential sentence of seventeen to eighty years.

Although most ineffective assistance claims arise from counsel's performance in trial or on appeal, the principles set forth in *Strickland* also apply to counsel's performance in the context of a guilty plea.  *Weeks v. Snyder*, 219 F.3d 245, 257 (3d Cir. 2000).  While the standard for deficient performance remains the same, "in a guilty plea case the standard for prejudice 'focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process.'"  *Id.*  (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)); *United States v. Nahodil*, 36 F.3d 323, 326-27 (3d Cir. 1994).

Furthermore, "[a] habeas petitioner faces a heavy burden in challenging the voluntary nature of his guilty plea."  *Lesko v. Lehman*, 925 F.2d 1527, 1537 (3d Cir.

---

[5]  Trial counsel in calculating Petitioner's sentence exposure made an improper determination that corrupt organizations was an inchoate offense under 18 Pa. Con. Stat. Ann. § 906. It is asserted that counsel relied upon an outdated version of § 906.

1991). A court's inquiry "is ordinarily confined to whether the underlying plea was both counseled and voluntary." *United States v. Broce*, 488 U.S. 563, 569 (1989). Federal habeas challenges to the voluntary nature of a guilty plea based on unfulfilled promises or representations of defense counsel "must advance specific and credible allegations." *Zilich v. Reid*, 36 F.3d 317, 320 (3d Cir. 1994).

Criminal defendants who enter into plea agreements must be advised of the direct consequences of their plea. The Court of Appeals for the Third Circuit has stated that the only consequences considered direct are the maximum prison term and fine for the offense charged. *Parry v. Rosemeyer*, 64 F.3d 110, 113-14 (3d Cir. 1995). There is no due process requirement that a defendant be advised of adverse collateral consequences of pleading guilty, even if they are foreseeable. *Belle v. Varner*, 2001 WL 1021135 *10 (E.D. Pa. 2001).

It is initially noted that the challenged guilty plea was the result of an agreement reached by Petitioner's counsel and the Commonwealth. Thus, the first prong of *Broce* was clearly satisfied. The state court in addressing this claim noted that the written plea agreement advised the Petitioner that the crimes to which he was pleading guilty had specific prison terms and fine amounts "which terms were identified therein." (Doc. 1 Att. B at 4.) It was also noted that Tricarico was extensively questioned by the sentencing court as to the consequences of his plea and

was specifically advised that his sentences if imposed consecutively had a mandatory minimum of seventeen years and a maximum term of eighty years. (*See id.*) Petitioner was also warned by the state court that in imposing the sentence, it was not bound by any agreement that the Petitioner and his attorney had made with the Commonwealth.

As evidenced above, the record establishes that despite trial counsel's apparent erroneous interpretation of Pennsylvania state law, during the oral colloquy the state court took extreme caution and care to ascertain that the Petitioner understood the ramifications as to his entry of the plea. The sentence imposed was within the range contemplated by both the written plea agreement and the state court's oral colloquy. Tricarico was sufficiently informed and acknowledged the maximum prison term and fines which he could be subjected to as a result of his entry of a guilty plea. He was specifically told that the sentencing court was not bound by any agreement made between his attorney and the Commonwealth.

This court agrees with the state court's conclusions regarding the effectiveness of counsel. It is apparent that Petitioner was properly advised as to the direct consequences of his guilty plea as contemplated in *Parry*. Since the state court determination was not a contrary or unreasonable application of clearly established federal law, Tricarico is not entitled to federal habeas corpus relief.

11

### B. Entrapment Defense

Petitioner's remaining argument maintains that trial counsel erred by not adequately and independently investigating the defense of entrapment prior to advising his client to enter a guilty plea. (*See* Doc. 1 at 22.) Tricarico indicates that he had a viable entrapment defense, especially with respect to Count 10 which is described as being a reverse sting offense.

Respondents contend that Petitioner's second claim lacks merit since "defense counsel rejected an entrapment defense in part because he believed that such a defense would open the door to an examination of Tricarico's criminal record" and "determined that the best course of action was to advise entry of a plea." (Doc. 9 at 11-12.)

The sentencing court in addressing this issue initially noted that Petitioner pled guilty to only seven of the eleven criminal counts. Second, the Commonwealth received information from at least ten individuals regarding the Petitioner's drug dealing activity which spanned a number of years and included numerous transactions. Thus, "[g]iven the amount of information from a variety of sources other than the police informant, the Court cannot say that Tricarico's counsel's rejection of an entrapment defense, as a viable defense was unwarranted." (Doc. 1, Att. B at 8.)

Substantial deference must be afforded to trial counsel's decision not to pursue an entrapment defense. In light of the fact that Petitioner entered a guilty plea to only seven of eleven counts and the trial court's determination that there was an abundance of incriminating evidence against the Petitioner, trial counsel's tactical decision not to pursue an entrapment defense, which may have been available primarily only for Count Ten of an eleven count indictment, the defense was not prejudiced to the extent necessary to obtain federal habeas corpus relief under *Strickland* and *Frey*.

This court concludes that the state court's analysis of this claim was not an unreasonable application of federal law. The tactical decision was reasonable under the first prong of the *Strickland* test. The petition for writ of habeas corpus will be denied. An appropriate order will enter.

             s/Sylvia H. Rambo
             SYLVIA H. RAMBO
             United States District Judge

Dated: March 5, 2008.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**JASON TRICARICO,**          :     CIVIL NO. 1:CV-04-2723
                              :
    **Petitioner**         :     **(Judge Rambo)**
                              :
**v.**                        :
                              :
**JEFFREY BEARD,** *et al.*,  :
                              :
    **Respondents**        :

## **O R D E R**

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT**:

    1. Petitioner Jason Tricarico's petition for writ of habeas corpus (Doc. 1) is **DENIED**.

    2. The Clerk of Court is directed to close the case.

    3. Based on the Court's determination, there is no basis for the issuance of a certificate of appealability.

                                s/Sylvia H. Rambo
                                SYLVIA H. RAMBO
                                United States District Judge

Dated: March 5, 2008.